The appellant, Mrs. Ruby Spiro Pick, is the testamentary executrix of the above entitled succession which has been under administration in the Civil District Court since the early part of 1940. The property of the estate is inventoried at the sum of $245,000 and, due to the fact that a considerable portion of the assets consists of income bearing real estate, it has been necessary for the executrix to keep numerous accounts respecting her administration of the affairs. Being of the opinion that an expert examination of the accounts of the executrix was necessary because of the fact that many discrepancies had been discovered therein, the Judge of Division "C" of the Civil District Court, having jurisdiction of the res, appointed Mr. Archie M. Smith, a certified public accountant of New Orleans, to make an audit of her books and accounts covering the period from February 15, 1940, through June 30, 1941. In conformity with this appointment, Mr. Smith made the audit and reported his findings to the judge. Thereafter, he filed a rule in these proceedings suggesting that the services rendered by him were worth the sum of $1500; that his fee be fixed at that sum and that it be taxed as costs. An order was accordingly issued by the court for the interested parties to show cause and, upon the return day of the rule, Mrs. Pick appeared and objected to the fee claimed on the ground that it was exhorbitant.
After hearing the evidence submitted by the parties on this issue, the judge made the rule absolute. Wherefore, this appeal.
The sole question for decision is whether the fee allowed by the trial court is excessive, as it is conceded here that the judge had the authority to appoint Mr. Smith and that the latter performed valuable services for which he is entitled to compensation.
The argument of counsel for appellant is that the charge is obviously excessive, considering the time spent by Mr. Smith in making the audit, and he suggests that a fee of $750 would be sufficient.
This contention is not supported by the evidence. Mr. Smith testified in detail as to the days and hours of labor he and his assistants devoted to the audit; that his charges are based upon the minimum fees recommended by the Louisiana Society of Certified Public Accountants; that, if figured on a per diem basis, he would be entitled to receive $1554.06 and that, in making his charge, he reduced it to the flat amount of $1500.
The testimony of Mr. Smith, respecting the reasonableness of his fee, is corroborated by the statement of Mr. Emile Bienvenu, who (according to the evidence) has the reputation of being the dean of certified public accountants in this state. Mr. Bienvenu voiced the opinion that Mr. Smith's fee is quite reasonable; that he had examined the audit and that, if he had been appointed to do the same work, his charge would probably have been larger. Other evidence was submitted by Mr. Smith to show that the charges he made for the senior accountant, who assisted him, were regular and customary.
The only evidence offered by the appellant, aside from her own opinion that the charges made by Mr. Smith were excessive, is that of Mr. Alfred M. Daspit, a senior accountant. This witness did not sustain *Page 382 
appellant's contention as he confirmed the testimony of Mr. Smith that the per diem charge of $25 per day for a senior accountant was reasonable.
Thus, it will be seen from the foregoing that there is absolutely no foundation for the contention that the services rendered are not worth the amount awarded by the trial judge.
Counsel complains of the difficulty encountered by laymen in producing testimony to rebut the opinions given by professional men, respecting the value of their services, and he directs our attention to the fact that members of a particular profession are reticent to question the fees charged by one of their number. However, while the courts have not been unmindful that such an "esprit de corps" exists, it will not do for them to arbitrarily discount the value of a service without a shred of evidence to sustain such a finding. In the case at bar, the services were performed under the eye of the court; they were unquestionably valuable and we think that the charge was modest.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., absent.